IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JAMES MOSQUEDA,                )
                               )
            Plaintiff,         )
                               )
      v.                       )   Case No. 12-1450-RDR
                               )
SONIC OF NEWTON, INC. and      )
MICHELLE CRAWFORD              )
                               )
            Defendants.        )

## MEMORANDUM AND ORDER

This is a personal injury action brought on the basis of diversity jurisdiction. Plaintiff alleges that he was riding a bicycle on a sidewalk when he was struck by a vehicle driven by defendant Michelle Crawford as she was exiting as a business visitor from a Sonic restaurant owned by defendant Sonic of Newton, Inc. ("Sonic"). Plaintiff alleges that Sonic was negligent by creating or maintaining "a driveway immediately adjacent to an adjoining building which forced its business visitors operating motor vehicles to exit the premise[s] in such a manner that the motorists had a 'blind spot' and were physically unable to observe northbound pedestrians utilizing the sidewalk." Doc. No. 23, ¶ 23. Plaintiff further alleges that Sonic "negligently failed to utilize signs warning its business visitors or pedestrians using the sidewalk of the 'blind spot' or hazardous condition it created and/or

maintained; and negligently failed to use safety mirrors or other safety device[s] that would enable motorists or pedestrians to properly observe one another at this blind spot." Id. at ¶ 24. Plaintiff also makes a claim for punitive damages, alleging that Sonic knew or should have known of the hazardous situation it created and that its creation of a hazard and failure to warn constituted gross negligence and wanton and reckless disregard for the safety of others. Id. at ¶¶ 27-30.

This case is before the court upon Sonic's motion to dismiss for failure to state a claim brought pursuant to FED.R.CIV.P. 12(b)(6). The motion attacks plaintiff's negligence claim against Sonic primarily upon the grounds that Sonic did not owe a duty to protect persons on the sidewalk against the negligence of exiting business invitees. The motion also argues that plaintiff's punitive damages claim should be dismissed for the same reason and because it is not stated with sufficient particularity.

The court shall deny Sonic's motion because the complaint states a claim for a breach of duty recognized by Kansas courts and because the punitive damages claim is adequately pled.

I. FED.R.CIV.P. 12(b)(6) standards

In ruling upon a motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(6), the court assumes as true all well-pleaded factual allegations in the complaint and determines

2

whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter to state a claim which is plausible - - and not merely conceivable - - on its face. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court need not accept as true those allegations which state only legal conclusions. Id. Plaintiff must make allegations which show more than a sheer possibility that a defendant has acted unlawfully - - it is not enough to plead facts that are "merely consistent with [a] defendant['s] liability." Id.

II. The complaint adequately pleads a breach of duty by Sonic.

Sonic asserts that plaintiff's complaint fails to state a negligence claim because the facts do not establish that Sonic owed a duty of care to plaintiff. Accepting the allegations in the amended complaint as true, Sonic created and maintained a driveway adjacent to a building on adjoining property (owned, the court assumes, by a non-party to this action) so that business visitors exiting Sonic's premises had a "blind spot" when they looked south to observe if pedestrians were using the sidewalk. In addition, Sonic posted no warning signs or mirrors to mitigate the danger of the "blind spot."

3

Sonic argues that it has no duty to control the negligent conduct of its patrons as they drive away from the restaurant and that the State of Kansas has a law, K.S.A. 8-1555, requiring drivers, as they emerge from a driveway, to stop immediately prior to driving onto a sidewalk or onto the sidewalk area extending across a road or driveway. Neither point is disputed by plaintiff or the court. But, neither point, in the court's opinion, is inconsistent with plaintiff's claim that defendant has a duty to avoid creating a hazardous condition. Defendant also cites case authority from jurisdictions other than Kansas.[1] But, these cases do not involve obstructions to vision and are more relevant to the proposition (not disputed by plaintiff) that defendant had no duty to control the negligent driving of its business visitors.

Plaintiff asserts that the following legally recognized duties are at issue in this matter: 1) a duty as a land occupier to refrain from creating view obstruction which might cause foreseeable harm to users of a public right of way – citing Boudreaux v. Sonic Industries, Inc., 729 P.2d 514 (Okla.App. 1986); 2) a duty as an owner of land adjacent to a sidewalk to construct and maintain structures so that they do not endanger the safety of lawful sidewalk users – citing P.I.K.

---

[1] Pulka v. Edelman, 358 N.E.2d 1019 (N.Y. 1976); Loconti v. Creede, 564 N.Y.S.2d 823 (N.Y.S.Ct. 1991); Gelbman v. Second National Bank of Warren, 458 N.E.2d 1262 (Ohio 1984).

4

Civil 4th § 126.50 and three Kansas cases[2]; 3) a duty as a land occupier to act with reasonable care in maintaining the land – citing P.I.K. Civil 4th § 126.02 and Boudreaux; 4) a duty as a land owner and business operator to use reasonable care in keeping the business place safe and to warn of dangerous conditions – citing P.I.K. Civil 4th § 126.03 and Justice v. CSX Transportation, Inc., 908 F.2d 119 (7th Cir. 1990); and 5) a duty as the possessor of land to prevent physical harm to those outside the land caused by a structure or other artificial condition which involves an unreasonable risk of harm – citing Restatement (Second) of Torts Section 364 and cases from jurisdictions other than Kansas.

Sonic does not dispute that Kansas courts follow the principles set forth in the P.I.K. sections and Kansas cases cited by plaintiff. Sonic contends, however, that the legal duties described by plaintiff are not applicable here because the cases cited in support involve visual obstructions or other hazards constructed upon the property of the alleged duty holder. In this case, we assume the building which allegedly obstructed the vision of drivers exiting Sonic's business premises was not on Sonic's property. We further assume, however, in accordance with the amended complaint, that the

---

[2] Durst v. Wareham, 297 P. 675 (Kan. 1931); Bennett v. Citizen's State Bank, 163 P. 625 (Kan. 1917); Schrader v. Great Plains Electric Co-op, Inc., 868 P.2d 536 (Kan.App. 1994).

alleged "blind spot" did not exist until Sonic constructed its exit driveway close to the building. Thus, Sonic is alleged to have used its land or created a condition upon its land in a manner which allegedly endangered the safety of persons on adjacent property. This is an alleged breach of a duty recognized by Kansas courts. See Durst, 297 P. at 676 (citing rules against the creation of a nuisance or hazard to persons traveling on abutting or adjacent highways) and P.I.K. Civil 4th §§ 126.02, 126.03 and 126.50. Therefore, the court denies Sonic's argument to dismiss plaintiff's negligence claim.

III. Plaintiff's punitive damages claim is adequately pled.

Sonic argues that plaintiff's claim for punitive damages should be dismissed for two reasons. First, Sonic makes the same argument that Sonic made against plaintiff's negligence claim. The court rejects this argument for the reasons already discussed.

Second, Sonic contends that plaintiff's punitive damages claim is not pleaded with the required particularity. Sonic asserts that plaintiff's allegations are insufficient to describe a claim for punitive damages because plaintiff merely adds allegations of "gross negligence," "wanton disregard" and "reckless disregard" to the other allegations of negligence that are contained in the complaint. Sonic also accuses plaintiff of relying upon information and allegations that should not be

considered by the court when assessing the adequacy of a complaint upon a Rule 12(b)(6) motion.

The court shall reject Sonic's arguments. As plaintiff contends, the complaint contains allegations which, assumed to be true, support a claim of wanton conduct that would suffice to support punitive damages. Wanton conduct will support a claim of punitive damages. K.S.A. 60-3702(c). Wanton conduct may be shown by evidence that an act was performed with a realization of the imminence of danger and that the act was performed with a reckless disregard or complete indifference to the probable consequences of the act. Adamson v. Bicknell, 287 P.3d 274, 281 (Kan. 2012). FED.R.CIV.P. 9(g) provides that an item of special damages, such as punitive damages, "must be specifically stated." This has been termed a "relatively liberal standard" which may be satisfied if a complaint's allegations "'are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim.'" A.H. v. Knowledge Learning Corp., 2011 WL 2084143 *2 (D.Kan. 5/24/2011)(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354-55 (3d ed. 2004)). Plaintiff has alleged facts in the amended complaint which make it plausible to believe that Sonic knew or should have known that it created a hazardous situation which forced its business invitees to exit Sonic's premises so that they drove past a

"blind spot" preventing them from seeing northbound pedestrians using the sidewalk. These allegations are sufficient in the court's opinion to state a plausible punitive damages claim. See Cerretti v. Flint Hills Rural Elec. Co-op. Ass'n, 837 P.2d 330, 345-46 (Kan. 1992)(sustaining punitive damages award against an electric utility which was aware of its hazardous power line strung too low over a lake which hosted sailboats); Gruhin v. City of Overland Park, 836 P.2d 1222, 1225-26 (Kan.App. 1992)(evidence that golf club employees had knowledge of a deep and hazardous hole on the course and took few steps to prevent cart drivers from striking the hole, was sufficient to support claim of wanton negligence and reckless disregard).

IV. Conclusion

For the above-stated reasons, defendant Sonic's motion to dismiss (Doc. No. 28) shall be denied.

**IT IS SO ORDERED.**

**Dated: May 9, 2013**            s/  Julie A. Robinson
                                  **United States District Judge**