**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAMES MOSQUEDA, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Case No. 12-1450-RDR |
| | ) | |
| MICHELLE CRAWFORD, | ) | |
| SONIC OF NEWTON, INC. | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a personal injury action based upon diversity jurisdiction. This action arises from a collision on June 10, 2011 between plaintiff, who was riding a bicycle on a sidewalk, and a car driven by defendant Michelle Crawford, who was a business visitor exiting a Sonic drive-in restaurant in Newton, Kansas. The restaurant was operated by defendant Sonic of Newton, Inc. ("Sonic"). This case is now before the court upon several motions. The first motion the court shall address is Sonic's motion for summary judgment.

I. SONIC'S MOTION FOR SUMMARY JUDGMENT SHALL BE DENIED.

A. <u>Summary judgment standards</u>

Summary judgment is warranted if the materials on record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.CIV.P. 56(a). The court views "all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-

moving party." Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007).

"Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.... These facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves." Southway v. Central Bank of Nigeria, 149 F.Supp.2d 1268, 1273 (D.Colo.2001), aff'd, 328 F.3d 1267 (10th Cir.2003).

"Summary judgment is . . . appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F.Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.... Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient ... as are conclusory assertions that factual disputes exist." Id. (interior citations and quotations omitted). The evidence presented must be based on more than mere speculation, conjecture, or surmise to defeat a motion for summary judgment. Rice v. United States, 166 F.3d 1088, 1092 (10th Cir. 1999).

B.  <u>Uncontroverted facts</u>

Sonic operates a drive-in restaurant at 1215 North Main Street in Newton, Kansas.  The restaurant was built in 1970.  In that year, there was no structure on the south adjoining lot at 1201 North Main Street.  The restaurant was designed so that traffic would enter the premises through a north driveway, circle around the restaurant, and exit through a south driveway.

Currently, Bud & Steve Auto Service operates a business on the south adjoining lot at 1201 North Main.  In 1972, that business constructed a building at that address.  The building remains today.  The court assumes for the purposes of this order that the south driveway of the Sonic restaurant has always bordered the property where the Bud & Steve Auto Service building sits.  Sonic acquired the franchise in 1982 or 1983 and has operated the restaurant ever since.  In 2008, the original Sonic building at 1215 North Main Street was torn down and a modernized building was constructed in its place.  The design of the location remained mostly but not entirely the same.  For the purposes of the motion for summary judgment, the court shall assume that as part of the renovations the south driveway exiting the business was made narrower, but still bordered the property line with 1201 North Main.

On June 10, 2011, plaintiff was riding a bicycle north on a sidewalk heading towards the exit of the Sonic restaurant.

Defendant Crawford was driving a vehicle which was exiting the restaurant using the south driveway. Plaintiff collided into the side of defendant Crawford's vehicle and suffered substantial injuries.

Plaintiff had the right-of-way on his bicycle. He was familiar with the sidewalk in front of the Sonic restaurant because he had visited the restaurant on previous occasions and had walked on the sidewalk multiple times. For the purposes of the summary judgment motion, the court shall assume that as plaintiff approached the south driveway on his bicycle, he could not see vehicles beginning to exit Sonic because of the Bud & Steve Auto Service building, and that defendant Crawford could not see plaintiff approach on his bicycle because of the Bud & Steve Auto Service building. There were no warning signs, traffic control signs or mirrors on the Sonic premises prior to the accident in question.

C. The court will not grant summary judgment on the basis of the statute of repose.

Sonic's first argument for summary judgment is that all of plaintiff's claims against it must be dismissed because they are time-barred by Kansas' statute of repose, K.S.A. 60-513. This statute provides in part:

> (a) The following actions shall be brought within two years: . . .
> (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated. . . .

(b) . . . the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

Sonic contends that the alleged "act giving rise to the cause of action" was the original design of the driveways at the Sonic restaurant and that the exact same conditions existed as early as 1972 and more than ten years before the accident in question in this case.

To determine if the statute of repose is applicable, it must be decided when the "act giving rise to the cause of action" occurred. There appear to be unresolved factual questions which may to relevant to that decision. Sonic tore down its restaurant building in 2008, rebuilt a modernized restaurant building, and may have redesigned its location to some degree, although the south edge of the exit driveway remained along the property line with Bud & Steve Auto Service. There is evidence that in addition to a constructing a new building and awnings, Sonic narrowed the driveways. It may be argued that the redesign of the Sonic location is the act giving rise to the cause of action. There appears to have been a renovation according to new plans, although those plans were

similar to the previous design. If it is determined that the act giving rise to the cause of action was the design of the restaurant in 1970, then the statute of repose would apply to some of plaintiff's claims. Here, however, the record is not sufficiently clear for the court to determine upon summary judgment whether the design of the restaurant location in 1970 or the redesign in 2008 was the act giving rise to a cause of action. Plaintiff's citations to various Kansas cases, including <u>Klose v. Wood Valley Racquet Club, Inc.</u>, 975 P.2d 1218 (Kan. 1999), are distinguishable because those cases do not involve renovation, remodeling or redesign to the degree suggested in the record of this case. The court also notes that in <u>Taney v. Independent School District No. 624</u>, 673 N.W.2d 497 (Minn.App. 2004), the court held that a 10-year statute of repose began to run from date of remodeling, not the date of original construction, even though the alleged hazardous condition was not altered by the remodeling process.

We remark further that the statute of repose would not operate to bar plaintiff's claims of failure to warn and failure to maintain, if the failure to warn or failure to maintain occurred within ten years of the accident and if the failure to warn or maintain gave rise to plaintiff's cause of action. See <u>Dunn v. Unified School District No. 367</u>, 40 P.3d 315, 320 (Kan. App. 2002)(claim for failure to protect against "ancient

premises hazard" is not barred by statute of repose even if the hazard – unsafe plate glass doors – was created more than 10 years before the injury alleged by plaintiff).

In sum, although the court acknowledges that the application of the statute of repose is a question of law, the court cannot decide that question upon the summary judgment record because there are factual uncertainties as to the range or extent of the modernization and redesign of the Sonic location in 2008. In addition, the statute of repose does not apply to plaintiff's claim of a breach of duty to warn or maintain Sonic's premises if the alleged breach caused plaintiff's injury.

D. <u>Plaintiff has properly alleged a breach of duty in some but not all respects</u>.

A plaintiff in a negligence action must prove four elements: a duty owed to the plaintiff, breach of that duty, the breach of duty was the cause of the injury to the plaintiff, and damages suffered by the plaintiff. <u>Shirley v. Glass</u>, 308 P.3d 1, 6 (Kan. 2013). Plaintiff claims that Sonic breached five "duties": 1) Sonic failed to refrain from creating a view obstruction which might cause foreseeable harm to users of a public right of way – see <u>Boudreaux v. Sonic Industries, Inc.</u>, 729 P.2d 514 (Okla.App. 1986); 2) Sonic constructed and maintained structures on its land so that they endangered the

safety of travelers using the sidewalk in a lawful manner – see P.I.K.4[th] Civil § 126.50; 3) Sonic failed to act with reasonable care in maintaining its property – see P.I.K.4[th] Civil § 126.02; 4) Sonic failed to use reasonable care in keeping its business place safe and to warn of dangerous conditions – see P.I.K.4[th] Civil § 126.03; and 5) Sonic breached its duty as possessor of land to others outside of the land for physical harm caused by a structure or other artificial condition on the land when Sonic realized or should realize that there was an unreasonable risk of harm which Sonic created or a third person created with Sonic's consent – see Restatement (Second) of Torts § 364.  Doc. No. 77, pp. 13–14.

    1. <u>Plaintiff has properly alleged facts to support a violation of the duty described in P.I.K.4[th] Civil § 126.50</u>.

Plaintiff contends that Sonic had a duty to construct and maintain the structures on its land so that they do not endanger the safety of travelers using the sidewalk in a lawful manner. Sonic does not deny that this duty is recognized under Kansas law.  But, Sonic contends that the duty does not apply to these facts since it is undisputed that the obstruction to plaintiff's view was not built by Sonic and did not sit on property owned or controlled by Sonic.

The duty in question is described in the model pattern instruction approved by the Kansas Judicial Council as follows:

"it is the duty of an owner of land adjacent to or abutting upon a highway, street or sidewalk to construct and maintain the structures on his or her land so that they do not endanger the safety of travelers using the highway, street or sidewalk in a lawful manner." P.I.K.4[th] Civil § 126.50. Plaintiff's contention is that Sonic's construction, placement and maintenance of a "structure" (the exit driveway) on Sonic's property so that drivers' view was obstructed by a building on an adjoining lot endangered the safety of travelers such as plaintiff who lawfully used the sidewalk. This argument appears consistent with the duty described in § 126.50. Counsel for Sonic points out that the cases collected to illustrate § 126.50 do not involve a building on adjoining land controlled by a third party. Sonic contends that the dangerous condition was not located on Sonic's property and therefore this case falls outside the language of § 126.50. But, the location of the exit driveway on Sonic's property is alleged to have been one of the causes of the dangerous condition. The court finds that defendant Sonic did owe a duty to plaintiff as described in § 126.50. Whether that duty was breached and caused injury to plaintiff is a matter for a jury's consideration.

    2. <u>The Boudreaux case does not provide an independent basis to find a breach of duty in Kansas</u>.

In *Boudreaux v. Sonic Industries, Inc.*, 729 P.2d 514 (Okla.App. 1986), the Oklahoma Court of Appeals held that: "A property owner . . . owes a duty to maintain his property in such a manner that when it is put to its normal business use, it does not create an unreasonable hazard to travelers upon the abutting roadway." 729 P.2d at 516. Plaintiff cites this case as support for one of the "duties" plaintiff argues was breached by Sonic in this case. We agree with Sonic that Oklahoma case authority does not control in this case, although it may be considered persuasive. Here, we do not view the *Boudreaux* case as setting forth an independent duty of care as much as providing some insight as to how to interpret the duties of care which are already set forth for possessors of land in Kansas.

　　3. <u>Restatement (Second) of Torts § 364 does not provide an independent basis to find a breach of duty in this case</u>.

Sonic further argues that plaintiff does not owe a duty under Restatement (Second) of Torts § 364. This section of the Restatement states that:

> A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if: (a) the possessor has created the condition, or (b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession or (c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make

the condition safe after the possessor knows or should know of it.

Sonic argues that this section of the Restatement has never been adopted by Kansas courts. This appears correct. No Kansas court has expressly adopted this section as Kansas law, although the Kansas Supreme Court did refer to the section and dismiss its applicability to the facts asserted in <u>Glaser ex rel Glaser v. Emporia Unified School Dist.</u>, 21 P.3d 573, 578 (Kan. 2001).

This section of the Restatement is not expressed in terms of a "duty" owed by a land possessor to others outside of the land. We also note that the principles of liability recited in the § 364 are not inconsistent with the general duty of reasonable care described in P.I.K.4th Civil § 126.50 and P.I.K.4th Civil § 126.02.[1] With this in mind, the court shall rule that Kansas has not adopted § 364 as a separate duty owed by a possessor of land to others outside of the land, but that § 364 may be considered in construing Sonic's duty of reasonable care.

    4.  <u>Plaintiff does not allege that Sonic had a duty to protect plaintiff from the negligence of business invitees</u>.

Sonic asks for judgment upon the grounds that Sonic owes no duty to protect plaintiff from the alleged negligent acts of business invitees. Doc. No. 91 at pp. 26-32. Sonic notes that Kansas law requires drivers of vehicles emerging from a

---

[1] Section 126.02 reads in part: "An occupier of land owes a duty to others of reasonable care under all the circumstances."

business's driveway to stop immediately prior to driving onto a sidewalk. K.S.A. 8-1555. Sonic does not claim, however, that it is uncontroverted that the driver in this case, Michelle Crawford, violated the law immediately before the collision in this case. This appears to be an undecided factual dispute.

The final pretrial order does not reflect that plaintiff is claiming the duty described by Sonic. Because of this, and because Sonic's argument is based on an unresolved fact issue, the court finds that the argument does not provide a proper basis for summary judgment. The alleged negligence of the Michelle Crawford will be in all likelihood a matter of comparison in this case.

     5.  <u>The alleged open and obvious nature of the danger in this case does not extinguish Sonic's duty of care</u>.

Sonic argues that it did not owe a duty of reasonable care to plaintiff because the hazardous condition was open and obvious. As recognized in <u>Crowe v. True's IGA, LLP</u>, 85 P.3d 1261, 1266 (Kan.App. 2004), "the general rule is that a possessor of land has no duty to remove known and obvious dangers." Nevertheless, "the possessor of land may have an affirmative duty to minimize the risk of an open and obvious danger when there is reason to expect that an invitee will be distracted, will forget the discovered danger, or will fail to protect against the danger." <u>Id.</u> In <u>Crowe</u>, the court held that

the possessor of land upon which there were gasoline pumps had a duty of reasonable care to a woman who slipped and fell on a gasoline spill, even though the gasoline spill was open and obvious to the woman or any reasonable person. The court reasoned that because the gasoline spill surrounded the woman, there was reason to believe she would fail to protect against the danger of walking through the spill. Here, it could be anticipated (in other words it was arguably foreseeable) that vehicles would exit east through the Sonic driveway and that bicyclists would travel north on the sidewalk even though their vision was obstructed. Therefore, Sonic maintained a duty of reasonable care which was not extinguished by the nature of danger. See also, <u>Miller v. Zep Manufacturing Company</u>, 815 P.2d 506 (Kan. 1991)(jury issue existed as to whether general contractor breached duty to diminish open and obvious danger of a 6-feet wide, 10-feet long, 10-feet deep pit situated in a concrete floor of an industrial building under construction).

The court has examined the Kansas cases cited by Sonic. These cases are distinguishable on their facts. The only case involving a traffic situation is <u>Craven v. Shively</u>, 2010 WL 597018 (Kan.App. 2/12/2010). In <u>Craven</u>, the court found that a defendant school district had no duty to prevent or diminish the danger of a pedestrian being backed into while walking behind a vehicle parked in a fire lane. The court found that there was

nothing which prevented the plaintiff from seeing the vehicles in the fire lane. In fact, the plaintiff was aware of the vehicle that struck her and its driver before she walked behind the vehicle. In addition, the plaintiff in Craven could have avoided the condition by walking farther away from the parked vehicles. We find this case distinguishable from the case at hand because there is a fact question as to whether plaintiff and Ms. Crawford were able to see each other and because the alleged dangerous condition may not have been so easily avoided.

     6. <u>Plaintiff has properly alleged facts supporting a duty to warn</u>.

Sonic makes more or less the same arguments to ask for judgment against any claim of a breach of a duty to warn. The court rejects these arguments because the court believes it is reasonable to conclude that persons would enter the blind intersection alleged in this case without protecting themselves from the danger. Sonic asserts that plaintiff has not presented any evidence of this. But, there is evidence in the summary judgment record that a substantial number of motorists do not stop as they are leaving the exit driveway. Doc. No. 103, Ex. M. The record also does not preclude a reasonable jury from concluding that reasonable persons in plaintiff's position would not stop bicycling before entering the blind intersection alleged in this case.

7.  <u>The issue of proximate cause is a matter for a jury's decision on this record</u>.

    Sonic argues on the basis of <u>Toumberlin v. Haas</u>, 689 P.2d 808 (Kan. 1984) that summary judgment should be granted in favor of Sonic because Sonic's conduct could not have been the proximate cause of plaintiff's injuries.  In <u>Toumberlin</u>, two pickup trucks collided in an uncontrolled rural intersection. The plaintiffs (a husband and wife in one of the trucks) sued the Board of Commissioners of Franklin County, Kansas alleging, in part, that the County should have placed proper warning signs at the intersection.  The court held that the absence of a traffic control sign had no bearing on the cause of the accident because the plaintiffs testified that they stopped at the intersection even though a sign was not present.  In addition, the plaintiffs testified that they traveled through the intersection almost every day and, therefore, were very familiar with it.  Sonic argues that plaintiff in this case was familiar with the intersection of the sidewalk and the Sonic exit driveway, and that both plaintiff and Ms. Crawford testified that they would not have done anything differently if they had observed a sign warning of vehicular or pedestrian traffic.

    The court believes the <u>Toumberlin</u> case is distinguishable on the following grounds.  First, plaintiff argues that Sonic failed to exercise reasonable care in ways other than failing to

post warning signs. Second, there is evidence that defendant Crawford did not stop, contrary to her statement, as she was exiting on the driveway. This is a fact issue which bears upon the meaning and credibility of any statement that she would have done nothing differently if there had been warning signs. Third, it is not clear from the evidence what Crawford could have seen if she did stop. Her view could have been obstructed even if she stopped. Finally, as plaintiff notes, the issue of causation is one generally assigned to a jury.[2] See St. Clair v. Denny, 781 P.2d 1043, 1045 (Kan. 1989)(stating the general rule although deviating from it because there was no evidence to support a question of fact). For this reason and the other above-mentioned reasons, summary judgment cannot be ordered on the basis of causation.

    8.    <u>Summary judgment shall not be granted against plaintiff's punitive damages claim</u>.

Sonic asks for summary judgment against plaintiff's punitive damages claim on the grounds that plaintiff has offered no evidence that Sonic acted in a wanton manner. Sonic asserts that plaintiff has no evidence of prior accidents which might put Sonic on notice of a hazardous condition or other evidence of prior knowledge of a danger. The court disagrees and

---

[2] Sonic cites <u>Lambel v. City of Florence</u>, 222 P. 64 (Kan. 1924) for the proposition that an issue of proximate cause may be decided by the court where the facts are "admitted by demurrer." Here, we believe there are fact questions regarding what was seen and whether persons exercised reasonable care. These questions have a bearing on proximate cause.

believes that a jury question exists as to whether Sonic's knowledge of the blind intersection on its premises is such that a reasonable jury could find that Sonic knew or should have known that it created a hazardous situation which forced its business invitees to exit Sonic's premises so that they drove past a "blind spot" preventing them from seeing northbound pedestrians using the sidewalk. As with the court's prior order denying Sonic's motion to dismiss, the court believes the following cases provide support for denying Sonic's arguments for summary judgment against plaintiff's punitive damages claim: Cerretti v. Flint Hills Rural Elec. Co-op. Ass'n, 837 P.2d 330, 345-46 (Kan. 1992)(sustaining punitive damages award against an electric utility which was aware of its hazardous power line strung too low over a lake which hosted sailboats); Gruhin v. City of Overland Park, 836 P.2d 1222, 1225-26 (Kan.App. 1992)(evidence that golf club employees had knowledge of a deep and hazardous hole on the course and took few steps to prevent cart drivers from striking the hole, was sufficient to support claim of wanton negligence and reckless disregard).

    E.    Conclusion

    In summary, the court finds that plaintiff should not be allowed to allege an independent duty of care on the basis of the Boudreaux case or Restatement (Second) of Torts § 364. But,

otherwise, Sonic's arguments for summary judgment shall be denied.[3]

## II.   SONIC'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF PLAINTIFF'S EXPERT SHALL BE DENIED.

Sonic has filed a motion to exclude the report and testimony of plaintiff's expert Dr. Brian A. Coon.  Defendant asserts that the report and testimony should be excluded under the provisions of FED.R.EVID. 702 and the principles of the Daubert case.

FED.R.EVID. 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

The Daubert case requires the court to determine the reliability and relevance of expert testimony.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).  As for reliability, the court must decide if the expert "is qualified by knowledge, skill, experience, training, or education to render an opinion."

---

[3] Sonic makes arguments for summary judgment which are repeated in its motion to exclude the testimony of plaintiff's expert witness.  Sonic also adopts arguments made in motions for summary judgment filed on behalf of defendant Crawford.  The court rejects these arguments as detailed in the remainder of this order.

U.S. v. Orr, 692 F.3d 1079, 1091 (10th Cir. 2012) cert. denied, 133 S.Ct. 1300 (2013). "[I]f the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." U.S. v. Nacchio, 555 F.3d 1234, 1241 (10th Cir.) cert. denied, 558 U.S. 815 (2009). It must be shown that the expert's testimony shall be "based on a methodology that was 'scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements.'" Orr, 692 F.3d at 1092 (quoting Nacchio, 555 F.3d at 1241).

As for relevance, the court must decide whether an expert's testimony will assist the fact-finder in understanding the evidence or determining a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). "Relevant evidence" means evidence having "any tendency to make a fact more or less probable than it would be without the evidence [when] the fact is of consequence in determining the action." FED.R.EVID. 401. "A trial court must look at the logical relationship between the evidence proffered and the material issue that evidence is supposed to support to determine if it advances the purpose of aiding the trier of fact." Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1234 (10th Cir. 2004) cert. denied, 546 U.S. 926 (2005).

Plaintiff has engaged Dr. Brian A. Coon as an expert witness in this case. Dr. Coon is an attorney, holds a doctorate in mechanical/transportation engineering, is an accredited traffic accident reconstructionist and a certified professional traffic operations engineer. He is also certified as a part-time police officer. He works for the City of Wichita as an associate traffic engineer. In his job, he performs warrant studies for signalization and signage, and designs bicycle lanes. To prepare his report in this case, Dr. Coon observed and took photographs of the accident site, reviewed witness statements and accident reports, examined real estate records, reviewed documents produced by Sonic, referred to municipal ordinances, and consulted books regarding roadway design.

His report discusses the circumstances of the accident, the design of the exit driveway, the desirability of unobstructed sight triangles at intersections, and the possibility of posting signs or mirrors to reduce the chance of an accident. He listed four conclusions at the end of his report: 1) that plaintiff was traveling between five and ten miles per hour at the time of the accident; 2) that the proximity of the Sonic exit to the adjacent building created an unreasonable hazard to users of the sidewalk by obscuring the view of both motorists and users of the sidewalk; 3) that the lack of warning signs or mirrors made

the exit an unreasonable hazard to both motorists and users of the sidewalk; and 4) defendant Crawford failed to maintain an adequate lookout and failed to exercise due care under K.S.A. 8-1535.[4] He has also testified that Sonic's exit driveway should have a "bump out" or "bulge out" which would cause drivers to drive away from the Bud & Steve Auto Service building.

Dr. Coon does not have experience or credentials in designing fast-food restaurant driveways.

Sonic's first argument for excluding Dr. Coon's report and testimony is that his opinion is unreliable because Dr. Coon does not have the necessary experience in designing a fast-food exit driveway or private driveway. In making this argument Sonic does not identify a specific fast-food industry standard or explain why such a standard would be different from standards consulted by traffic engineers. Dr. Coon's report discusses the importance of unobstructed sight triangles at intersections and notes that this is a common traffic engineering concept recognized by the American Association of State Highway and Transportation Officials. Dr. Coon's knowledge and experience in traffic engineering provides a reliable basis to assist a trier of fact to understand the evidence and fact issues in this

---

[4] K.S.A. 8-1535 provides in part that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian and shall give warning by sounding the horn when necessary . . ."

case. So, the court shall reject Sonic's first argument to exclude Dr. Coon's report and testimony.

Next, Sonic argues that Dr. Coon's report and testimony should be excluded because Dr. Coon admitted in his deposition that he did not know the exact position of the collision. This may be a consideration upon cross-examination. But, the court does not believe that this renders Dr. Coon's report and testimony regarding methods available to increase range of vision or to warn of obstructed vision irrelevant to a decision as to whether Sonic exercised reasonable care.

Sonic further argues that part of Dr. Coon's report and testimony is based upon a Sonic map for a different location than where the accident occurred. Sonic contends that this means Dr. Coon's testimony is not relevant. This is another matter for cross-examination in the court's opinion. It does not render Dr. Coon's report and testimony immaterial.

Finally, Sonic asserts that Dr. Coon's report and testimony is irrelevant because it does not speak to the main issues in this case and will not assist a jury in understanding the evidence. The gist of this argument appears to be that Dr. Coon merely makes observations that any lay person could make regarding the obstructed view and the absence of signage, and that his conclusions do not concern the design of the exit driveway. The court disagrees with this argument. Dr. Coon's

conclusion that the "proximity of the Sonic exit to the building to the south created an unreasonable hazard" is a criticism of the design of the exit driveway. Furthermore, Dr. Coon's analysis regarding sight triangles and his experience with signage and mirrors may provide assistance to a jury in examining the issues in this case.

For the above-stated reasons, the court shall deny Sonic's motion to exclude the report and testimony of plaintiff's expert.

III.    DEFENDANT CRAWFORD'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR FUTURE LOST WAGES SHALL BE DENIED.

Defendant Crawford argues that plaintiff's claim for future lost wages should be dismissed on summary judgment because plaintiff has had an unstable work history and a criminal background.[5] Crawford notes that plaintiff has been terminated at least five times, has had arrests or convictions for possession of marijuana, DUI and driving while on a suspended license, and that he has not had a valid driver's license since 2008. Crawford does not deny that plaintiff was working at a full-time job, although for only one week, at the time of the accident in this case.

The issue before the court is whether it has been demonstrated that plaintiff will be unable to produce evidence

---

[5] Sonic has joined in this motion. Doc. 91, p. 39.

to support a claim of lost wages if this case goes to trial. Here, Crawford admits that plaintiff was working at the time of the accident and there is evidence that he has been unable to work since the accident. This supports a claim of lost wages.

The cases cited by Crawford (Boody v. U.S., 706 F.Supp. 1458 (D.Kan. 1989) and Garay v. Missouri Pacific R. Co., 60 F.Supp.2d 1168 (D.Kan. 1999)) do not involve summary judgment motions. In Boody, after a bench trial, the court determined that the evidence of lost wages was speculative because the decedent's past job record and future plans did not support a lost future damages award. Although there are arguable similarities with this case, it is a critical distinction that the court was considering a complete record after a bench trial, not deciding whether a material issue of fact was present upon a summary judgment motion. In Garay, the court was considering a motion in limine to exclude the testimony of an economic expert who assumed that the decedent (who was in the country illegally) would have been continuously employed for the next 40 years. The court determined that the failure of the expert to take into account the decedent's illegal status rendered his opinion as to future lost wages unreliable. Here, we are not asked to determine whether an expert's opinion is admissible. Our task is to determine whether there is an issue of fact present regarding whether plaintiff's economic loss included lost wages.

We believe that such a material issue of fact exists because it has not been shown that plaintiff will fail to present evidence showing a future wage loss.

For these reasons, Crawford's motion for summary judgment against plaintiff's claim for future lost wages shall be denied.

IV. DEFENDANT CRAWFORD'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR <u>WENTLING</u> DAMAGES SHALL BE DENIED AS TO ANY CLAIM FOR LOSS OF HOUSEHOLD SERVICES.

Crawford has filed a motion for summary judgment on plaintiff's claim for <u>Wentling</u> damages.[6] Doc. No. 82. These damages take their name from <u>Wentling v. Medical Anesthesia Services</u>, 701 P.2d 939 (Kan. 1985) where the Kansas Supreme Court held that a plaintiff-husband in a wrongful death action could recover for the loss of household services that his deceased wife would have provided had she not been victimized by medical malpractice. Of course, this is not a wrongful death action and plaintiff admits that he has never been married and never had children. So, the question which has developed as this motion has been briefed is not what kind of wrongful death damages are available to plaintiff, but whether plaintiff may go forward with a claim for household services damages.

There is evidence in the record before the court that plaintiff has permanent physical restrictions which will limit his ability to perform various kinds of work. There is also

---

[6] Sonic has joined in Crawford's arguments. Doc. No. 91 at pp. 38-39.

evidence in the record that plaintiff does perform some kinds of work around his brother's house, where plaintiff is currently living. There is no evidence in the record, to the court's knowledge, of the household services plaintiff performed before his injuries in this case. Crawford contends that the evidence of loss of household services is insufficient to permit such a claim to continue.

The issue on summary judgment is whether there is an absence of evidence to support plaintiff's claim for household services damages. Strong evidence of a loss of household services has not been demonstrated. But, there is evidence that plaintiff's ability to perform labor of all kinds has been restricted by the injuries he suffered. A reasonable factfinder might conclude that these restrictions extended to labor around the household. While no evidence has been presented to support a specific monetary value of the lost household services, the Kansas Supreme Court has held that triers of fact are presumed capable of converting the losses of household services into a monetary figure. Wentling, 701 P.2d at 948. Accordingly, the court finds that the evidence in the record is sufficient to deny Crawford's motion for summary judgment as to a claim for loss of household services.

V.  SUMMARY

In accordance with this memorandum and opinion, Sonic's motion for summary judgment (Doc. No. 86) shall be denied. Sonic's motion to exclude the report and testimony of Dr. Coon (Doc. No. 92) shall be denied.  Defendant Crawford's motion for partial summary judgment on plaintiff's claim for future lost wages (Doc. No. 80) shall be denied.  And, defendant Crawford's motion for summary judgment on plaintiff's claim for <u>Wentling</u> damages (Doc. No. 82) – treated as a motion for summary judgment on plaintiff's claim for household services damages – shall be denied.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2014, at Topeka, Kansas.


<u>s/ Richard D. Rogers</u>
Richard D. Rogers
United States District Judge